UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENNIS SHIPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-21 |
| | ) | |
| LOGISTICS HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a resident of Maryland, brings this action and demands a temporary restraining order against Logistics Health, Inc. ("LHI"), a Wisconsin corporation. Plaintiff alleges that he sustained injury to his lungs "while working as an emergency medical technician at ground zero on 9/11, Pl.'s Aff. at 2, and that his "symptoms have been exacerbated by [LHI's] malicious, wanton, reckless and negligent conduct in abandoning him as a patient," *id.* at 1. He demands "an order enjoining defendant LHI from denying treatment by [World Trade Center Health Program] authorized provider Howard Young, MD at Annapolis Pulmonary." *Id.*

"The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72-73 (D.D.C. 2007) (internal quotation marks and citation omitted). A temporary restraining order may be granted without notice to a defendant only if "specific facts in an affidavit or a verified complaint clearly show that immediate injury, loss, or damage will result to the [plaintiff] before the [defendant] can be heard in opposition," and if plaintiff "certifies in writing any efforts made to give notice and reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Although plaintiff

apparently has made an effort to notify defendant, *see* Notice of Intent to Sue, his submission fails to demonstrate "(1) a substantial likelihood of success on the merits, (2) that [he] would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995).

Even if plaintiff had addressed all of these factors, he does not adequately establish that this Court is the proper forum for resolution of his claim. Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). At most, plaintiff alleges that the parties are citizens of different states. He neither states a federal claim nor establishes an amount of controversy that meets the $75,000 threshold.

The Court will grant plaintiff's application to proceed *in forma pauperis*, deny plaintiff's motion for a temporary restraining order and will dismiss this action without prejudice. An Order is issued separately.

DATE: 12/28/13

United States District Judge